# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM LEE TSCHUMY** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 1:05-CV-2197** |
| v. : | |
| : | **(Judge Kane)** |
| **DEFENSE DISTRIBUTION CENTER,** : | |
| **NEW CUMBERLAND, PA.,** : | |
| : | |
| **Defendant** : | |

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 27, 2005, Plaintiff filed a pro se Complaint (Doc. No. 1) and Application to proceed In Forma Pauperis (Doc. No. 2). In his Complaint, Plaintiff alleged that his female supervisor at Defendant Defense Distribution Center discriminated against him because he was male. Specifically, Plaintiff alleged that his supervisor, Susan Alpaugh, allowed Lisa Walker, a co-worker, to play her radio loudly in the office and leave her cell phone on her desk when she left for lunch, called Walker "my sister" and "my girl", and described Walker as "like a sister" and "highly productive." (Doc. No. 1.) Plaintiff further claimed the two would "spend[] numerous hours in the day talking personal matters", all of which ultimately "created a hostile work environment for [Plaintiff]." (Doc. No. 1 at 1.) By Order dated November 14, 2005, the Court granted Plaintiff's application to proceed in forma pauperis, but dismissed the Complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 4.)

On November 23, 2005, Plaintiff, through counsel, filed a "Motion for Reconsideration of Order of Dismissal; and Motion for Withdrawal of IFP Petition" (Doc. No. 6) and a "Motion

to Amend Pro Se Complaint" (Doc. No. 7).  Plaintiff states that subsequent to his filing the Complaint and in forma pauperis application, Plaintiff "discovered the means to finance this litigation" and retained counsel to represent him in this matter.  (Doc. No. 8 at 4.)  Plaintiff argues that, if allowed to amend his Complaint, he could state "meritorious discrimination claims in the nature of disparate treatment; a hostile work environment; and retaliation for having engaged in protected activity."  (Doc. No. 8 at 5.)

A motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice.  Marjam Supply Co. v. BCT Walls & Ceilings, Inc., 2003 U.S. Dist. LEXIS 14737 (E.D. Pa. 2003); Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).  Plaintiff argues that his pro se Complaint properly pled enough facts to state a claim for discrimination, or in the alternative, he should be allowed to amend his complaint in the interests of justice.  (Doc. No. 8 at 5.)  In its November 14, 2005 Order, the Court found that the Complaint was devoid of any specifics regarding Plaintiff's termination or the disparate treatment he claimed to have suffered.  Rather, Plaintiff merely alleged that his supervisor liked Walker better than him and that his complaints about Walker's behavior were ignored.  Moreover, the Court found that Plaintiff failed to allege any facts that would allow a reasonable factfinder to conclude that Alpaugh treated Walker better than other employees because Walker was female.  Plaintiff specifically alleged that Alpaugh was motivated by her friendship with Walker, not animus towards men, and complained that Alpaugh should have been "driven by impartiality for what was best for all." (Doc. No. 1-3 at 2.)  Reading the Complaint liberally and accepting as true all allegations

therein, Plaintiff failed to allege any factual basis to support a claim of unlawful termination or desperate treatment.

Nevertheless, the Court notes that if a complaint is vulnerable to 12(b)(6) dismissal, leave to amend should be granted unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)(citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)). Plaintiff seeks to amend his Complaint and, based upon Plaintiff's subsequent filings and the documents attached thereto, may be able to cure the deficiencies fatal to his Complaint. Accordingly, in the interests of justice, the Court will grant Plaintiff's motion for leave to amend his Complaint and motion for withdrawal of Plaintiff's In Forma Pauperis petition.

**AND NOW**, this 23rd day of January, 2006, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Amend Complaint (Doc. No. 7) and Motion to Withdraw IFP Petition (Doc. No. 8) are **GRANTED**. The Clerk of Court is directed to strike Plaintiff's In Forma Pauperis Application (Doc. No. 2). Plaintiff shall file and serve an amended complaint and pay all appropriate filing fees within twenty-days of this Order. Upon receipt of the amended complaint, the Clerk of Court is directed to reopen the file.

        S/ Yvette Kane
        Yvette Kane
        United States District Judge